COFER, Justice,
for the Court:
Plaintiff-appellee, Pirate’s Inn Restaurant, Inc. (Inn) brought suit in the Circuit Court of Lee County, against defendant-appellant Delta Auction and Real Estate Company (Delta) for recovery of a sum of money not here necessary to be noticed. Judgment by default was taken, and later, on execution served and/or suit against Delta in its home jurisdiction, Delta filed a pleading in Lee County Circuit Court to set aside the judgment assigning lack of process on it as grounds therefor.
In its declaration Inn alleged “that defendant herein [Delta] is a corporation organized and existing under and by virtue of the laws of the State of Tennessee, and its principal place of business is located at 465 High Point Terrace, Memphis, Tennessee, 38122. The defendant is authorized to do business in this state as a foreign corporation and has appointed C. T. Corporation System as its resident agent for service of process whose address is 118 North Congress Street, Jackson, Mississippi, 39205.”
Process for Delta reads, in part, “We command you to summon Delta Auction and Real Estate Company, Inc. a foreign corporation, whose resident agent for service of of (sic) process is C. T. Corporation whose address is 118 North Congress Street, Jackson, Miss.”
The return was stamped thereon,
“Executed personally on Delta Auction and Real Estate Company by delivering a true copy of the within writ to C. T. Corporation System, Avis Prisock, Asst. Secty. This 22 day of Sept. 1977. J. D. McAdory, Sheriff by Jewell Carter, D. S.:
• At some time, someone wrote across the face of the return the word “void.” Above the stamped return was also written at some time: “C. T. not agent since 1976, Secretary of State, no record of company.”
The process was returnable on the 3rd Monday of November, 1977, and if the stamped return is correct, it was served on September 22, 1977.
On December 8, 1977, Inn moved for judgment by default, reciting:
I.
That proper process of this Court was served upon the defendant Delta Auction and Real Estate Company, Inc., a foreign corporation, by personal service of process upon C. T. Corporation System, its resident agent for service of process within the State of Mississippi, and personal service of process having been served [sic] on September 22, 1977.
On the same day, December 8, 1977, default judgment was entered reciting:
I.
That proper process of this court was served upon defendant Delta Auction and Real Estate Company, Inc., a foreign corporation, by personal service of process upon C. T. Corporation System, its resident agent for service of process within the State of Mississippi, said personal service of process having been served [sic] on September 22, 1977.
Motion to Vacate Judgment and Quash Execution was filed June 23, 1978.
The motion acknowledges that process was issued to be served on Delta “by service on C. T. Corporation.”
3.
That upon receiving this information from C. T. Corporation System, said Jewel Carter wrote the word “void” through the return of service on the summons and further recorded on the summons the words “C. T. Corporation not agent since 1976 Sect, of State no record of company.” That she wrote the word “void” across the face of the return of service because the return had been previously filled out by a clerk in the Hinds County, Mississippi, Sheriff’s Department before any actual personal service had been attempted.
4.
That, after writing the aforementioned words on the summons Jewel Carter recorded in her official Foreign Docket *820 Book No. 77, at page 51, the fact that service was voided and that no personal service was had upon Delta Auction and Real Estate Company, Inc.
5.
That no further attempts to serve process were made by the Hinds County, Mississippi, Sheriff’s Department and that the original summons and declaration were returned to the Clerk of the Circuit Court of Lee County, Mississippi.
It further averred that, when the default judgment was taken, defendant had no legal or actual notice of the pendency of the suit, and had no knowledge of the judgment until suit was filed in Tennessee to enforce it.
It alleged that it has a meritorious defense and that judgment is void because “the court record clearly shows on its face that the defendant was never served with process.”
In its answer, in addition to denials contained in appellee’s answer, Inn set up affirmative matter:
A. Actual physical service on C. T. Corporation System more than 30 days before judgment.
B. Certificate of Secretary of State, September 22, 1978, “contained in the court file” evidences that on this date C. T. Corporation System was registered agent; and the law as to changing agents, Section 79-3-23, Mississippi Code Annotated (1972), had not been complied with; and appellant had no meritorious defense.
The motion of appellant was overruled and this appeal resulted.
In appellee’s supplemental designation of record, it called for the inclusion of the certificate of the Secretary of State as to the appointment of C. T. Corporation System as the appellant’s resident agent for process. This certificate was never filed in the cause nor made an exhibit, according to appellant. Motion to strike it from the record is before us.